Jones, J.
 

 But one question is presented under the facts detailed. Did the adoption of the child revoke a will made prior to its adoption? Section 10561, General Code, provides:
 

 “If the testator had no children at the time of executing his will, but afterward has a child living, or born alive after his death, such will shall be revoked, unless provision has been made for such child by some settlement, or he is provided for in the will, or in such way mentioned therein as to show an intention not to make such provision.”
 

 
 *581
 
 No provision was made for the adopted child in the will or by settlement, nor was his name mentioned in the will. Do the words, “afterward has a child living,” comprehend an adopted child living after testator’s death? If yes, the judgments below should be affirmed; if no, they should be reversed.
 

 An apparent conflict of authority is claimed to exist in various adjudicated cases, but the conflict is more fanciful than real; the decisions depending upon the existing statutes of the various jurisdictions, relating to the subject. In Ohio we have a comprehensive series of statutes, relating to adoption, and fixing the status of the adopted child. Section 8029, General Code (Section 3139, Revised Statutes), provides that, after the provisions of the adopting statute are complied with, the probate court shall make an order “declaring that, from that date, to all legal intents and purposes, such
 
 child
 
 is the child of the petitioner.” The following section (Section 8030, General Code, [Section 3140, Revised Statutes]), provides.:
 

 “Such child shall be the child and legal heir of the person so adopting him or her, entitled to all the rights and privileges and subject to all the obligations of a child of such person begotten in lawful wedlock.”
 

 These sections of the Code not only disclose a legislative purpose of conferring upon a legally adopted child the inheritable rights of one born in wedlock, but explicitly declare that the former shall be “entitled to all the rights and privileges * * * of a child of such person begotten in lawful wedlock.” One of the rights granted to a child born in lawful wedlock is the lawful right to
 
 *582
 
 have the will revoked under the terms of Section 10561, General Code. This comports, in principle, with our decision in
 
 Cochrel
 
 v.
 
 Robinson,
 
 113 Ohio St., 526, 149 N. E., 871, wherein a designated heir was given the same inheritable property rights as a child born in lawful wedlock.
 

 The judgments of the lower courts are affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Matthias, Day, Kinkade and Robinson, JJ., concur.
 

 Allen, J., not participating.