# COMMON PLEAS COURT

HOLLENCAMP et v. GREULICH et.

Common Pleas Court, Montgomery Co.

No. 59991. Decided July 9, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

DECEDENTS' ESTATES—Children. (100 A).

(220 D) While an adopted child may properly inherit from his adopting parent dying intestate he cannot inherit property, from an ancestor or brother of such adopting parent.

Heard on demurrer.

Demurrer sustained.

H. H. Hollencamp, Dayton, for Hollencamp.

W. S. Rhotehamel, Dayton, and Keller, Keller & O'Leary, Appleton, Wis., for the Demurrer.

McMahon, Corwin, Landis & Markham, Dayton, against the Demurrer.

## STATEMENT OF FACTS.

This action is brought in this court to sell the real estate belonging to the estate of Andrew Greulich, late of this county, deceased, for the purpose of paying his valid debts, the personal property not being sufficient. To the petition plaintiff administrator has attached an exhibit showing the debts which it will be necessary to pay out of the proceeds of the sale of the real estate.

As one of the pleadings filed in the case, we find the answer of Millard Greulich, which is to the effect that he is a legal heir and representative of Joseph Greulich, deceased, who was a brother of Andrew Greulich, plaintiff's decedent. He says that he was legally adopted by Joseph Greulich in the State of Wisconsin, on the 30th day of June, 1886, pursuant to the laws of that state, and that by virtue of such adoption, he is legally entitled to share in the estate of Andrew Greulich as a legal heir and representative of Joseph Greulich, his adopted father.

To this answer a demurrer has been filed by Josephine Reidl, who is a daughter, by birth, of Joseph Greulich and Adella Greulich, his wife.

The facts with reference to this estate, as they relate to the parties and to their relationships, are, as we understand, as follows: Andrew Greulich, who was in his lifetime the owner of the real estate in question, died intestate in this county on January 29, 1917. Prior to his death, in 1906, Joseph Greulich, who was the father of Josephine Greulich Reidl and the adoptive father of Millard Greulich, died leaving Josephine Greulich Reidl and Millard Greulich surviving him, both of whom were living at the time of the death of Andrew Greulich. When Andrew died, there were living of his brothers, Leo, Albert and Reynold. There had deceased of his brothers and sisters, Joseph, Catherine, Barbara, Theresa and Constantine. Of Joseph and Catherine, children survived. Of Barbara, Theresa and Constantine, children and grandchildren survived.

The interest of Joseph in his brother Andrew's estate, had he outlived him, would have been one-eighth, and this one-eighth it is, which is the subject of the controversy between Josephine Reidl and Millard Greulich, Josephine claiming the entire one-eighth by reason of the fact that she was a child of Joseph and Millard claiming one-half of the eighth cast by the law upon the heirs of Joseph, because of his adoption as recited in his answer.

SNEDIKER, J.

Since Andrew Greulich died intestate, any interest of an heir through one of his brothers or sisters must be defined by the law of Ohio, where this real estate is located. Our question then is, whether the law of this state gives to an adopted child an interest in the estate of a deceased brother of his adoptive parent, whether that adoption be in this state or in another state.

A principle to which we have already referred is more elaborately stated in Thompson on real property, at Sec. 2320.

While this adoption was had in the State of Wisconsin and the law which governs the rights of the parties on and subsequent to the adoption are entitled to full force and effect, yet, if the descent of real estate in Ohio is to be governed by our law, it is to this latter we must look to determine the rights of the parties. Section 8030, so far as necessary for this case, reads:

"* * * and the child shall be invested with every legal right, privilege, obligation and relation in respect to education, maintenance and the rights of inheritance to real estate or to the distribution of personal estate on the death of such adopting parent or parents as if born to them in lawful wedlock. * * *"

In passing upon these provisions of the General Code, the Supreme Court of Ohio adheres to the rule laid down in the Phillips, Exr., v. McConica, 59 Oh. St. 2.

We may here say that in passing upon the Wisconsin Statute, the Supreme Court of Wisconsin used similar language, in the 185 Wisconsin, at p. 393.

In this decision of the Supreme Court of Wisconsin is quoted also the 143 Kentucky, p. 133.

This is followed by a quotation of numerous authorities, such as Surman et v. Surman, 114 Oh. St. 579.

This language of Judge Jones is referred to by Judge Allen in the case of Albright et al v. Albright et al, 116 O. S., 668, and with the concurrence of Judges Day, Robinson and Matthias, is qualified as follows:

"We agree with the contention of the defendant in error that Sec. 3139 and 3140, R.S., place the adopted child upon a high plane among the other states of the Union. Also under this statute as amended, the child is invested with every legal right, privilege, obligation, and relation in respect to education, maintenance, and rights of inheritance to real estate or distribution of personal estate on the death of the adopting parent or parents as if born to them in lawful wedlock, and this court has recently enforced this statute with respect to such inheritance rights. Surman v. Surman, 114 Ohio St., 579. Sections 3139, 3140, R.S., however did not give to an adopted child the same rights of inheritance to real estate or to distribution of personal estate in the property of an ancestor of the adopting parent as if he had been born to the adopting parents in lawful wedlock. This was the specific holding in Phillips v. McConica, Guardian, 59 Ohio St., 1, which held in paragraph 4 of the syllabus that 'an adopted child is enabled, by section 3140 R.S., to inherit from its adopter, but not through him, from his ancestors'."

"This decision is still law in this state."

Albright's case was one of testacy, but Judge Allen said:

"Even under the provisions of the statute if the case were one of intestacy, Jesse Albright would be merely a stranger so far as Charles Albright's estate was concerned."

The adopted child in this case attempted to participate in the estate of the father of his adoptive parent.

We cannot find in the language of Section 8030 of the General Code anything which we can construe as entitling an adopted child to inherit through its adoptive parent from an ancestor of such parent or from the parent's brother or sister. And without explicit language to that effect it is not the privilege of the Court, by interpretation, to give the Section any such meaning.

We are therefore of the opinion that the demurrer ought to be sustained.